107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Uhrico CADENA, Plaintiff-Appellant,
v.
UNITED STATES of America; Toledo Express Airport; Dan
Stout, Patrolman, Defendants-Appellees.
 No. 95-4271.
 United States Court of Appeals, Sixth Circuit.
 Feb. 04, 1997.
 
 Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Uhrico Cadena appeals a district court judgment dismissing his civil rights complaint, in which he alleged that the defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments, regarding an administrative forfeiture of property under 19 U.S.C. § 1609(b) and 21 U.S.C. § 881. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Cadena sued the United States, the Toledo Express Airport, and Patrolman Dan Stout, in his official capacity. Cadena alleged that, in March 1990, the defendants unlawfully seized $68,000 in cash, a Ford Bronco, and a radar detector from him. Cadena argued that the defendants lacked probable cause to seize the property. Although the defendants returned the Ford Bronco and the radar detector, Cadena alleged that the defendants forfeited the currency without providing him with proper notice. In a cross-motion for summary judgment, Cadena raised new factual allegations, alleging that the defendants and non-party government officials unlawfully seized, interrogated and arrested him, and that they unlawfully searched his vehicle. Thereafter, Cadena filed a motion to amend his complaint, seeking to pursue his claims under 42 U.S.C. § 1983. Upon review of the parties' cross-motions for summary judgment, the district court granted judgment in favor of the defendants.
 
 
 3
 Cadena has filed a timely appeal, essentially reasserting his same claims. He also requests the appointment of counsel.
 
 
 4
 Initially, we note that Cadena does not raise, on appeal, his argument that the defendants and non-party government officials unlawfully seized, interrogated and arrested him, and that they unlawfully searched his vehicle. Thus, we consider the argument abandoned and not reviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. See Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994). Cadena lacked standing to challenge the seizure and forfeiture of the currency. See United States v. 37.29 Pounds of Semi-Precious Stones, 7 F.3d 480, 482 (6th Cir.1993). The record reflects that Officer Stout seized a travel bag from Cantu (Cadena's companion), and discovered that the bag contained approximately $68,000 in cash. Cantu informed Officer Stout that the money constituted his savings. In addition, Cadena stated that some of the money belonged to Cantu's brother. However, Cadena never claimed that he owned the currency. These facts establish that Cadena had no legally cognizable interest in the seized currency. Id.
 
 
 6
 Accordingly, we deny the request for the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.